Peter Dina, Appellee, v. Dominick Passaglia et al., Appellants.

Gen. No. 40,662.

* See Callaghan's Illinois Digest, same topic and section number.

Opinion filed November 27, 1939.

John A. Bloomingston, of Chicago, for appellants.

Dillard B. Baker, of Chicago, for appellee.

Mr. Presiding Justice Matchett delivered the opinion of the court.

Defendants appeal from a judgment in favor of plaintiff for $1,000, entered on the verdict of a jury in a negligence action. The suit arose out of a collision which occurred at the intersection of South California avenue and 59th street in the city of Chicago, on April 11, 1935, when a motor truck owned by defendants and driven by their servant, collided with a Ford automobile owned and driven by the plaintiff. South

California avenue runs north and south; 59th street east and west.

At the time of the occurrence the plaintiff was driving the Ford north on the east side of the avenue, and the truck was being driven west on the north side of 59th street. Two streetcar tracks ran east and west on 59th street. West bound cars ran over the north track; east bound cars over the south track. South California avenue was 60 feet wide at the intersection. On the southeast corner of the intersection was a vacant lot. The driver of the truck could see the Ford car coming north, and the driver of the Ford, looking, could see the truck going west as it approached the intersection. The collision occurred in the northeast corner of the intersection, when plaintiff was about two-thirds way across it. The testimony submitted in behalf of plaintiff was to the effect that the truck was not in the intersection when he started to drive the Ford car across it; that he proceeded slowly because of another northbound car a few feet ahead of him; that defendants' truck was driven into the intersection at a speed which caused it to strike the Ford automobile with a force which threw it 30 feet west of the intersection and over on to the north curb, knocking down and turning over a news stand situated there. The collision occurred about 12:30 p. m. It was a rainy day, drizzling.

The driver of the truck testified that when he was about 75 to 100 feet east of South California avenue, he saw plaintiff's automobile at the alley south of 59th street and about 175 feet from the street. He says that he was driving about 25 miles an hour; that he slowed down at the east curb but did not stop; that plaintiff's car was then coming at a speed of 30 to 35 miles an hour and about 50 feet from the corner; that when he saw plaintiff was not stopping he put on the brakes and turned toward the north. After the col-

lision the truck was on the northwest corner of the intersection. The fender on the left side of the truck struck the right side of the Ford, and the damage was such as to require $175 for repairs.

The complaint in three counts charged in the first and second counts that defendant drove at a dangerous and reckless rate of speed, and in a manner in violation of certain city ordinances. The third count charged wilful and wanton conduct. A special interrogatory was submitted to the jury. "Was the plaintiff guilty of any negligence which proximately contributed to his alleged injury?" The jury answered, "No."

It is urged for reversal that the court erred in admitting in evidence an ordinance designating South California avenue at this place as a through street and other rulings on the admission and rejection of evidence; that the verdict is against the manifest weight of the evidence; that plaintiff was guilty of contributory negligence as a matter of law; that the court erred in refusing and giving of instructions; that counsel was guilty of prejudicial conduct in interjecting the fact that defendants carried insurance before the jury; that the damages are excessive and the special finding contrary to the weight of the evidence.

As the judgment must be reversed and the cause remanded for another trial we shall not undertake to discuss the weight of the evidence, the conduct of counsel or the special finding. The controlling question in the case is whether the court erred in admitting in evidence over the objection of defendants the city ordinance of January 10, 1935, and instructing the jury upon the theory that it was applicable. As already stated, the evidence showed without contradiction that the driver of defendants' truck did not stop when in driving westward he reached South California avenue. Section 2010 of the Traffic Code (see Busch-Hornstein Revised Code, 1931, sec. 2010) provides that the driver

of any vehicle should come to a stop upon reaching any through street. On the trial plaintiff offered in evidence, and the court received over objection, the ordinance of January 10, 1935, which is as follows: "Be it ordained by the City Council that South California Avenue from the south side of west 63rd Street to the north side of West 51st Street, be, and the same is hereby designated as a through street; the Commissioners of Streets and Electricity shall install the necessary signs, and this ordinance shall be in force and effect from and after its passage and due publication." Plaintiff also offered in evidence, and over objection it was received, a communication from the city clerk to the city council, dated February 13, 1935, which read as follows: "Gentlemen: You are hereby advised that the ordinance listed below passed January 10, 1935, was officially published in the Chicago Journal of Commerce on January 26, 1935: First designation of South California Avenue from 63rd Street as a through street to 51st Street."

Paragraph 1973, art. 2, ch. 38 of the Busch-Hornstein Code, 1931, provides: "Signs and signals penalty not to be imposed if sign not erected. The commissioner of public works shall determine and designate the character of all official warning and direction signs and signals. It shall be his duty to place and maintain, or cause to be placed and maintained, all official signs and signals herein required. . . .

"No provision of this chapter for which signs are required shall be enforceable against the alleged violator, if at the time and place of the alleged violation the sign herein required is not in proper position and sufficiently legible to be seen by any ordinarily observant person."

The evidence shows without contradiction that the "stop through" signs were first placed at the intersection of 59th street and South California avenue on June 22, 1935. The occurrence out of which the suit

arises occurred on April 11, 1935. The evidence of all the witnesses for both plaintiff and defendants is to the effect that these signs had not been erected at the time of the accident. The plaintiff has filed an additional abstract showing there was a "caution" sign at the intersection. What the character of the sign was does not appear. Clearly, it was not the sign required by the ordinance. Chapter 38 of the Busch-Hornstein Code deals with traffic regulations and consists of 10 articles. Article 5 deals with the subject of "Through streets and one way streets," and section 2009 specifically designates the streets and parts thereof which are established as through streets. The ordinance of January 10, 1935, in substance merely purported to add South California avenue from 63rd street to the north side of W. 51st street as one of these through streets. We think the provisions of section 1973 as to signs and signals applicable to this ordinance, but if it is not, the language of the ordinance itself, rightly interpreted, discloses the intention of the council that it should not go into effect after passage and publication until the necessary signs were installed. In ruling upon this evidence the court expressed the opinion that the postponement of the time at which the ordinance should go into effect was applicable only to proceedings brought for the penalty imposed for violation of the ordinance. This is not, as we view it, a reasonable construction. The ordinance of January 10, 1935, does not, standing by itself, purport to impose any penalty at all. Presumably, this matter is covered by section 2031, article 10 of chapter 38 which provides: "Any person violating any of the provisions of this chapter, or any rule or regulation made in compliance therewith, upon conviction thereof, shall be punished by a fine of not to exceed two hundred dollars." The ordinance of January 10, 1935, is, we hold, in *pari materia* with chapter 38 and to be construed in connection therewith.

The court not only erred in admitting the ordinance in evidence over defendants' objection but further erred in instructing the jury that if it should find from the evidence under the instructions of the court that the defendants' truck in question was driven on 59th street across the intersection of 59th street and California avenue at the time and place in question, without bringing the truck to a stop before proceeding across California avenue, and as a result of said action the plaintiff's car was struck by the truck while plaintiff was proceeding across the intersection in a proper manner, the jury should find the issue for the plaintiff and assess the plaintiff's damages accordingly. The admission of the ordinance and the giving of this instruction were, we hold, reversible error. For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

O'Connor and McSurely, JJ., concur.